**D. E. BLANKENSHIP, Jr.,
Petitioner–Appellant,**

v.

**Leonard VARE; Nevada Attorney
General, Respondents–
Appellees.**

No. 12–15484.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2015.

Filed Dec. 2, 2015.

D.E. Blankenship, Jr., Carson City, NV, pro se.

Jeffrey Morgan Conner, Deputy Assistant Attorney General, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: THOMAS, Chief Judge and IKUTA and HURWITZ, Circuit Judges.

MEMORANDUM *

Donald Blankenship, who was convicted in Nevada state court of sexually assaulting his daughter, appeals the district court's denial of 28 U.S.C. § 2254 habeas relief. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We affirm.

1. The conclusion of the Nevada Supreme Court that Blankenship "failed to show that there was a reasonable probability of a different result at trial" had testimony regarding certain prior bad acts not been elicited by defense counsel was not

---

* This disposition is not appropriate for publica-

an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The victim testified in detail as to each assault, and the case turned on her credibility. The testimony about prior bad acts was a minor portion of the evidence that the jury heard, and the state did not mention the bad acts in summation. Fairminded jurists could thus "disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (internal citations and quotation marks omitted).

2. We decline to expand the certificate of appealability and therefore do not address Blankenship's remaining arguments.

**AFFIRMED.**

**Jose Primitivo GOMEZ–
DIAZ, Petitioner,**

v.

**Loretta E. LYNCH, Attorney
General, Respondent.**

No. 12–72114.

United States Court of Appeals,
Ninth Circuit.

---

tion and is not precedent except as provided

Submitted Nov. 17, 2015.*

Filed Dec. 2, 2015.

Monica Ganjoo, Esquire, Ganjoo Law Office, San Francisco, CA, for Petitioner.

Theodore Charles Hirt, Oil, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Primitivo Gomez–Diaz, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his applications for withholding of removal and relief under the Convention Against Torture (CAT).[1] Because the BIA adopted the IJ's decision while adding its own reasoning, we review both decisions. *Carrillo v. Holder*, 781 F.3d 1155, 1157 (9th Cir.2015). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. The BIA and IJ did not err in finding Gomez–Diaz ineligible for withholding of removal. Gomez–Diaz claimed that he would face persecution in Mexico on the basis of his membership in a particular social group, gay men. *See Castro–Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir.2011). However, there is no evidence that Gomez–Diaz suffered past persecution "in the proposed country of removal." *Gonzalez–Medina v. Holder*, 641 F.3d 333, 338 (9th Cir.2011). Although Gomez–Diaz experienced deplorable childhood sexual abuse in the United States, he did not provide any evidence "that Mexican authorities would have ignored the rape of a young child or that authorities were unable to provide a child protection against rape." *Castro–Martinez,* 674 F.3d at 1081. Nor did Gomez–Diaz establish that "the chance of future persecution" of him in Mexico "is 'more likely than not.'" *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir.2009) (quoting 8 C.F.R. § 208.16(b)(2)). Additionally, Gomez–Diaz did not demonstrate that he would suffer persecution if he moved to a part of Mexico that affords protections to LGBT individuals. *See* 8 C.F.R. § 1208.13(b)(2)(ii). Gomez–Diaz is therefore ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 1208.16(b).

2. Substantial evidence supports the BIA's and IJ's determination that Gomez–Diaz is ineligible for CAT relief. Although Gomez–Diaz provided "generalized evidence of violence and crime" against gay men in Mexico, he did not establish that "it is more likely than not that [he] would be tortured if returned to Mexico." *Delgado–Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir.2010); *see also* 8 C.F.R. § 208.16(c)(2).

**PETITION DENIED.**

---

by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Gomez–Diaz concedes that his application for asylum is time-barred.